UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DESIGN BASICS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-cv-00323-TLS-SLC |
| | ) |
| EENIGENGURG BUILDERS, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is a Joint Motion for Entry of Agreed Protective Order (DE 21) filed by the parties, seeking approval and entry of a proposed agreed protective order pursuant to Federal Rule of Civil Procedure 26(c). Because the proposed order is deficient in several ways, the joint motion will be DENIED with leave to refile.

To begin, paragraph 21 of the proposed order states that the filing of any confidential information with the Court "shall be filed in sealed envelopes . . . ." (DE 21-1 ¶ 21). Local Rule 5-3(c)(1) states, "[t]o file a sealed document . . . in a civil case, a party must file it electronically as required by the *CM/ECF User Manual*." N.D. Ind. L.R. 5-3(c)(1). Thus, the local rules expressly require sealed documents to be filed electronically. The parties shall not file confidential information with the Court in sealed envelopes, which would be in contravention of the local rules, without express permission from the Court. *See* N.D. Ind. L.R. 1-1(c).

Next, paragraph 22 states that the Court will limit access to the courtroom whenever Confidential Information is introduced at a hearing, trial, or other proceeding. (DE 21-1 ¶ 22). But at this early juncture, the Court is unwilling to agree to limit access to any courtroom proceeding. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Citizens First Nat'l Bank of Princeton v. Cincinnati*

*Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999).

Another problem with the proposed order is that the parties' process for the return and destruction of confidential information does not provide an exception for the Court. Paragraph 23 states: "Within sixty (60) days after the final termination of this litigation, all Confidential Information, all copies thereof, and all summaries of Confidential Information, shall either be returned to the Producing Party or shall be destroyed by the Receiving Party and such destruction shall be certified in writing by the Receiving Party to the Producing Party." (DE 21-1 ¶ 23). The Court, however, does not return any documents that have been made part of the record.

Finally, a problem arises in paragraphs 24 and 27 of the proposed protective order, which provides that the Court retains jurisdiction over the protective order after the termination of this action for the purpose of dissolving, modifying, or enforcing the protective order. (DE 21-1 ¶¶ 24, 27). The Court, however, is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

For these reasons, the parties' Joint Motion for Entry of Agreed Protective Order (DE 21) is DENIED with leave to refile. The parties may submit a joint motion with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED. Entered this 4th day of January 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge